AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
_____Robert Rodriguez_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-37-GMS.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- X (1) There is probable cause to believe that the defendant has committed an offense
    - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841   .
    - ☐ under 18 U.S.C. § 924(c).
- X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence  X  a preponderance of the evidence: Defendant did not opposed the government's motion for detention at this time, but reserved the right to address the issue of detention at a later time. defendant's request was granted. Although defendant did not oppose detention, there are other justifications for defendant's detention. They are:

1. Defendant is charged with possession with intent to distribute heroin and possession of a firearm by a convicted felon.
2. Defendant's primary source of employment has been through his parents in their food market.
3. Defendant admits to a significant cocaine addiction since age 12 & heroin addiction for 20 years. He is presently 42 years old.
4. At least as early as 1984, defendant's criminal history for drug offenses begins when he pled guilty to possession of a scheduled II narcotic drug. In 1990, he pled guilty to possession/use of a controlled substance on two occasions. In 1995, he was convicted to possession of a controlled dangerous substance. For all of these offenses, defendant received probation and apparently did not learn from the experiences. After the present federal charges arose in February 2006, defendant was arrested for maintaining a dwelling for keeping controlled substances, maintaining a vehicle for controlled substances, possession with intent to deliver and trafficking in illegal drugs in April 2006.

Moreover, he has failed to appear 8 times for schedule appearances in the state courts.

For the above reasons, the court finds that there are no conditions r combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

FILED
JUN 7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 2, 2006 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).