

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*          (302) 573-6277
*1007 Orange Street, Suite 700*   FAX (302) 573-6220
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

September 12, 2006

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Robert Rodriguez**
          **Criminal Action Nos. 06-37-GMS and 06-93-GMS**

Dear Judge Sleet:

    Enclosed please find the plea agreement in the above-captioned cases scheduled for a Rule 11 proceeding on September 22, 2006.

                                Respectfully submitted,

                                COLM F. CONNOLLY
                                United States Attorney

                         By: /s/ Richard G. Andrews
                                Richard G. Andrews
                                First Assistant United States Attorney

pc:   John S. Malik, Esquire

RGA:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. Act. Nos. 06-37-GMS |
| ) | and 06-93-GMS |
| ROBERT RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Robert Rodriguez, by and through his attorney, John S. Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I and II of the Indictment in Criminal Action No. 06-37-GMS. The defendant shall also waive indictment and plead guilty in the United States District Court for the District of Delaware to Count I of the Information in Criminal Action No. 06-93-GMS. Count I of the Indictment and Count I of the Information both charge him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count II of the Indictment charges him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. The defendant understands that as a consequence of his guilty plea, the maximum sentence for each of the possession with intent to distribute heroin charges is, for each count, twenty (20) years

imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment. The defendant further understands that as a consequence of his guilty plea, the maximum sentence for the possession of a firearm by a felon charge is ten (10) years imprisonment, a fine of $250,000, three years of supervised release, and a $100 special assessment.

3. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, for Count I of the Indictment and Count I of the Information, that: (1) the defendant possessed a substance; (2) the substance was heroin; (3) the defendant acted knowingly; and (4) the defendant acted with the intent that the substance would be distributed to one or more other persons; and for Count II of the Indictment, that: -- (1) the defendant knowingly possessed a firearm; (2) at the time the defendant had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) the firearm affected interstate commerce, that is, the firearm had previously crossed state lines.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, and provided that he does not from the time of the guilty plea to the sentencing act inconsistently with acceptance of responsibility, the United States agrees that the defendant should obtain a two level reduction for acceptance of responsibility, and further agrees to move that the defendant receive an additional point for timely acceptance of responsibility. The defendant understands that the Court is not bound by any

2

agreement between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

5. The United States has represented to the defendant that it believes the most likely sentencing guideline range applicable to his criminal conduct is 57-71 months imprisonment. The defendant understands that is only an estimate, and the actual sentencing guideline range may be determined by the Court to be higher or lower. If the sentencing guideline range determined by the Court includes 71 months imprisonment, the United States will recommend that as a sentence, and the defendant agrees not to oppose that recommendation. If the sentencing guideline range determined by the Court does not include 71 months imprisonment, the United States will recommend whatever sentence is both closest to 71 months imprisonment and within the sentencing guideline range determined by the Court. If that sentence is below 71 months, the defendant agrees not to oppose it. If that sentence is above 71 months, the defendant retains the right to oppose it, but agrees not to ask for a sentence lower than 71 months. Both parties agree that the Court is not bound to impose any recommended sentence. As long as the sentence imposed by the Court is 71 months, or less, the defendant agrees to waive any and all rights to appeal.

6. The defendant agrees to pay the $300 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____          By:_____
John S. Malik, Esquire                                     Richard G. Andrews
Attorney for Defendant                                   First Assistant United States Attorney



_____
Robert Rodriguez
Defendant

Dated:


AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
HONORABLE GREGORY M. SLEET
United States District Judge